IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAO VUE,

        Plaintiff,                    No. CIV S-06-0181 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

                                        /

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated March 22, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of chronic back and low back pain and a depressive disorder but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to perform light work that does not require frequent contact with the public and does not require him to work in unison with others; based on the testimony of a vocational expert, there are other jobs plaintiff can perform that exist in significant numbers; and plaintiff is

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

not disabled.  Administrative Transcript ("AT") 23, 27.  Plaintiff contends the ALJ improperly discredited his testimony and incorrectly assessed his residual functional capacity.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

  A. Credibility

Plaintiff contends the ALJ improperly discredited his testimony regarding his limitations.  The ALJ determines whether a disability applicant is credible, and the court defers to

1  the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,
2  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make
3  an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad
4  v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be
5  supported by "a specific, cogent reason for the disbelief").

6        In evaluating whether subjective complaints are credible, the ALJ should first
7  consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947
8  F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,
9  the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,
10 medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:
11 (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent
12 testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a
13 prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d
14 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR
15 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity
16 and effect of symptoms, and inconsistencies between testimony and conduct also may be
17 relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ
18 may validly consider a failure to seek treatment for an allegedly debilitating medical problem in
19 determining whether the alleged associated pain is not a significant nonexertional impairment.
20 See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part,
21 on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.
22 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6
23 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the
24 Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."
25 Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).
26 /////

Plaintiff testified he sometimes had memory problems such as forgetting to turn off the stove, had nightmares about once every two or three nights, was scared when he went to the store and saw a lot of people, and had upper back pain going down into his low back and that these problems precluded the ability to work. AT 356-359. The ALJ did not totally discredit plaintiff's testimony; he found plaintiff did have some restrictions as testified to by plaintiff but that those restrictions did not eliminate all work. AT 24. The ALJ noted the conflicts in the record regarding plaintiff's assertions of limited daily activities and plaintiff's reports to the psychological consultative examiner in 2004, which indicated plaintiff was very active in the home and the primary caretaker for nine children. AT 24, 120, 139, 142, 284, 286. With respect to plaintiff's claim of significant difficulties in maintaining concentration, persistence and pace, the ALJ correctly noted plaintiff made no complaints of these difficulties to treating physicians, and both of the consulting psychological examiners found plaintiff capable of performing simple one to three step tasks. AT 24, 140, 282. The ALJ also considered plaintiff's other contradictory statements in the record. AT 22, 142, 299, 336, 354, 362-363. The ALJ also factored into the credibility determination the apparent inconsistency given plaintiff's claim he was limited physically by musculoskeletal impairments but demonstrated no motor loss, reflex changes or neurological deficits. AT 23, 25, 144. The ALJ also considered plaintiff's tendency to exaggerate his complaints in order to obtain benefits. AT 25, 140, 282. The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

B.  Residual Functional Capacity

Plaintiff also contends the ALJ incorrectly assessed his residual functional capacity. Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a);

/////

1  see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity
2  reflects current "physical and mental capabilities").
3         The ALJ's residual functional capacity finding was based on the opinions testified
4  to by the consulting medical expert, Dr. Walters, as well as the examining psychologist and
5  orthopedist.  AT 25, 142-145, 279-282, 363-364, 367-368.  There were no contrary opinions in
6  the record from treating medical practitioners as to plaintiff's functional limitations.  The
7  opinions the ALJ relied on in formulating the residual functional capacity are supported by the
8  record; that finding will not be overturned.
9         The ALJ's decision is fully supported by substantial evidence in the record and
10 based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
11        1. Plaintiff's motion for summary judgment or remand is denied, and
12        2. The Commissioner's cross-motion for summary judgment is granted.
13 DATED: September 28, 2007.

_____
U.S. MAGISTRATE JUDGE

006
vue.ss